**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ATTURO TIRE CORP., | |
| Plaintiff, | Case No. |
| v. | JURY TRIAL DEMANDED |
| TESCHE TIRE USA INC. and TESCHE TIRE (QINGDAO) CO., LTD., | |
| Defendants. | |

## COMPLAINT

Plaintiff Atturo Tire Corp. ("Atturo"), for its Complaint against Tesche Tire USA Inc. ("Tesche USA") and Tesche Tire (Qingdao) Co., Ltd. ("Tesche Qingdao") (collectively. "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.     Atturo is an award-winning tire company headquartered in Waukegan, Illinois. This is an action based on Atturo's common law and federally-registered trademarks for Atturo's "Blade" family of tires, which have innovative and unique tread patterns and sidewall designs inspired by and cross-promoted with knife blades.

2.     Atturo brings claims against Defendants for willful trademark infringement and unfair competition under the Lanham Act and for related violations of statutory and common laws of the State of Illinois. Atturo's claims arise from Defendants' promotion and sale of their "Ridge Blade" line of tires, with names confusingly similar to Atturo's marks, and marketed by Defendants as having tread patterns and sidewalls designs inspired by blades.

1

3.     Defendants have recently begun promoting and selling their tire products throughout the United States, including in Illinois. In particular, Defendants products are now available through leading tires retailers such a Priority Tire, which stores, sells, and ships tires from its warehouse in Naperville, Illinois.

4.     Defendants also recently displayed and offered their tires in November 2024 at the premier automotive specialty equipment trade show in Las Vegas, Nevada, and Defendants will be participating in that annual trade show again this November 2025. Accordingly, Atturo has filed this lawsuit for injunctive, declaratory, and monetary relief as a result of Defendants' continued infringement and other wrongful actions.

## THE PARTIES

5.     Atturo is a Wyoming corporation with its principal place of business in Waukegan, Illinois.

6.     Tesche USA is a California corporation with its principal place of business in Commerce, California.

7.     Tesche Qingdao is a Chinese company that, according to its website (https://www.teschetire.com/), is located at 23F, Building 5, TX International, Zhujiang Road No. 600, Qingdao, China.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction because Defendants have committed acts within this District giving rise to this action and has established minimum contacts with this forum

such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. Defendants purposefully availed themselves to Illinois by, for example, marketing their tires to Illinois tire distributors, dealers, and consumers; offering and selling their tires in Illinois; and committing wrongful acts against Illinois-based Atturo.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because, for example, Defendants have committed wrongful acts in Illinois that give rise to this case and are subject to personal jurisdiction in Illinois.

## ATTURO'S BUSINESS

11.     Atturo is an independent, privately held tire corporation that was founded in 2009.

12.     Atturo is an award-winning tire brand and leading innovator in the tire industry that produces high quality products.

13.     Atturo is dedicated to the SUV, Cross Over, and Light Truck (4X4) segments of the tire market.

14.     Atturo has invested substantial time, effort, and financial resources towards the development and promotion of its tire brand and products.

15.     Atturo has developed a brand identity to differentiate itself in the tire market, among other things, by developing multiple tire products with treads and sidewalls that were inspired by and co-marketed with knife blades.

16.     Atturo has a "Blade" family of tires, including, *inter alia*, Atturo's Trail Blade X/T tire and Atturo's Trail Blade M/T tire.

17.     Atturo's products are offered for sale nationally through retail outlets, including tire dealers in Illinois, such as Discount Tire.

18.     Atturo's products are also sold online through dealer websites accessible in Illinois and across the nation, such as www.prioritytire.com and www.simpletire.com.

## ATTURO'S TRADEMARKS

### *Atturo's Blade Marks*

19.     Atturo owns multiple common law and registered trademarks for use with tires and has a "Blade" family of marks, including:

a.      Trail Blade®, U.S. Reg. No. 4,381,171,

b.      Trail Blade X/T®, U.S. Reg. No. 5,825,158;

c.      Trail Blade MTS® U.S. Reg. No. 6852830;

d.      Trail Blade ATS®, U.S. Reg. No. 6852831;

e.      Trail Blade BOSS®, U.S. Reg. No. 5046328;

f.      Trail Blade M/T;

g.      Trail Blade A/T; and

h.      Trail Blade H/T.

(collectively, hereinafter, "Atturo's Blade Marks").

20.     Since at least November 1, 2012, Atturo has continually used the Trail Blade® mark in commerce on its "Blade" family of tires distributed in the United States and worldwide.

21.     Since at least November 1, 2012, Atturo has continually used the Trail Blade M/T mark in commerce on its Trail Blade M/T tires distributed in the United States and worldwide.

22.     Since at least 2013, Atturo has continually used the Trail Blade A/T mark in commerce on its Trail Blade A/T tires distributed in the United States and worldwide.

23.     Since at least December 2, 2014, Atturo has continually used the Trail Blade X/T® mark in commerce on its Trail Blade X/T tire distributed in the United States and worldwide.

4

24.    Since at least January 6, 2016, Atturo has continually used the Trail Blade BOSS® mark in commerce on its Trail Blade BOSS tire distributed in the United States and worldwide.

25.    Since at least October 29, 2019, Atturo has continually used the Trail Blade MTS® mark in commerce on its Trail Blade MTS tire distributed in the United States and worldwide.

26.    Since at least October 29, 2019, Atturo has continually used the Trail Blade ATS® mark in commerce on its Trail Blade ATS tire distributed in the United States and worldwide.

27.    Through Atturo's long use of the composite mark "Trail Blade" for its tire products, Atturo has also established a protectable interest in the term "Blade" standing alone.

28.    For example, since at least 2013, consumers have commonly referred to Atturo's "Trail Blade" products simply as "Blade" tires or "Blades."

29.    "Blade" is the dominant portion of the phrase "Trail Blade."

30.    Atturo has protectable common law rights in the word "Blade" separate and apart from its use in the registered phrase "Trail Blade."

31.    Atturo's Blade Marks (including, hereinafter, the term "Blade" standing alone) are among Atturo's most valuable assets.

32.    Atturo uses Atturo's Blade Marks to identify Atturo's tire products and distinguish them from the tire products of other tire manufacturers.

### Strength Of Atturo's Blade Marks

33.    Atturo's Blade Marks are inherently distinctive.

34.    Atturo's Blade Marks are conceptually strong.

35.    Atturo's Blade Marks are arbitrary.

36.    For example, Atturo's Blade Marks use the term "Blade," which has no intrinsic connection to the tire industry.

37.     "Blade" in Atturo's Blade Marks refers the knife blades that inspired and/or were co-marketed with Atturo's tires products.

38.     For example, in 2012, Atturo released its Trail Blade M/T tire, which became its most popular product.

39.     The Trail Blade M/T is a mud-terrain tire with a sidewall and tread blocks that so closely resembles knife-blade designs that the actual blades align nearly perfectly, as demonstrated below:





40.     To market Atturo's business and tire products, Atturo provided free knives with tire purchases and used language such as "[n]owhere else will you be able to have the same blade in your pocket and on your truck."

41.     As another example, the tread design for Atturo's Trail Blade BOSS tire was inspired by the QSA-1 BOSS HOG knife.

6

42.    The QSA-1 BOSS HOG knife was manufactured and sold by Quartermaster Knives, whose owner Atturo repeatedly collaborated with on the design and marketing of Atturo's tires.

### *Promotion Of Atturo's Blade Marks*

43.    Atturo has spent substantial amounts of money and other resources advertising, marketing, and promoting its products under Atturo's Blade Marks to tire consumers, distributors, and dealers through various channels, including Atturo's website located at atturo.com, accessible in Illinois and across the nation.

44.    Atturo's website prominently advertises, markets, and promotes its products under Atturo's Blade Marks, as shown in the below examples from https://atturo.com/product-category/trail-blade and https://atturo.com/product/trail-blade-x-t:





45. Atturo's website also reveals how "BLADE" is a dominant term of Atturo's Blade Marks.

46. For example, as shown above, Atturo regularly places the term "BLADE" in a prominent and emphasized position when using Atturo's Blade Marks to promote Atturo's "Blade" family of tires.

47. Atturo's website also touts how Atturo has continued to distinguish itself in the tire industry by using tread patterns and sidewall designs inspired by knife blades for tires in its "Blade" family of products, as shown in the below examples from https://atturo.com/product/trail-blade-mts, https://atturo.com/product/trail-blade-boss, and https://atturo.com/product/trail-blade-m-t:



**". . . modeled after a karambit knife style . . ."**



**" . . . sidewall with the knife blade and handle blocks . . . "**





48.     Continuously since 2012, Atturo has promoted Atturo's "Blade" family of tires and Atturo's Trail Blade Marks in many ways, including, for example:

a.      Trade events, such as the annual SEMA Show;

b.      Digital campaigns and social media accounts, which are accessible in Illinois and across the nation;

c.      Print advertisements in magazines, such as *Four Wheeler* and *Street Trucks*;

d.      Industry publications, such as *Modern Tire Dealer*[1] and *Tire Review*; and

---

[1] *See, e.g.,* https://www.moderntiredealer.com/industry-news/wholesale-distribution/article/11499165/atturo-tire-cuts-through-mud-like-a-blade-2012-10-24.

e.     Various other channels, such as motorsports events, sponsorships, point-of-purchase materials, consumer events, and billboards.

49.     Through widespread and exclusive use in commerce, and as a result of extensive advertising, marketing, and promotion, Atturo's Blade Marks have achieved substantial recognition and fame among the trade and consuming public and have come to symbolize Atturo's goodwill and reputation in the tire industry.

## DEFENDANTS' BUSINESS

50.     Defendants design, market, and distribute tires.

51.     Defendants' website is https://www.teschetire.com/, which is accessible in Illinois and across the nation.

52.     According to Defendants' website, Tesche USA is the "Global Brand Center/Global Development Center" and Tesche Qingdao is the "Global Processing, Planning, & Manufacturing Center." https://www.teschetire.com/brand-philosophy.html.

53.     Defendants currently promote and offer four tire products on their website, the Ridge Blade X/MT, Ridge Blade X/RT, Ridge Blade X/T, and Ridge Blade X/T PRO tires (collectively, "Defendants' Blade Tires").

54.     Defendants' Blade Tires are offered for sale through retail outlets in the U.S., including in Illinois.

55.     Defendants' Blade Tires also are offered for sale on dealer websites accessible in Illinois and across the nation.

56.     Defendants use several social media accounts, which are accessible in Illinois and across the nation, to promote their business and Defendants' Blade Tires.

11

57.     Examples of Defendants' social media accounts include the Instagram account Tesche_Tires and the Facebook account Tesche TIRE USA INC.

58.     Defendants have previously promoted and offered their tire products at the 2024 SEMA Show.

59.     Defendants are currently listed on SEMA's website among the companies that will be displaying and offering their products at the 2025 SEMA Show on November 4-7, 2025. *See* https://www.semashow.com/participating-manufacturers.

60.     Defendants also have promoted their participation in the 2025 SEMA Show on their social media accounts, as shown in the below excerpt enlarged on the right:




## DEFENDANTS' WRONGFUL CONDUCT

### *Bad Faith Trademark Applications*

61.     On April 8, 2024, Tesche Qingdao filed with the United States Patent and Trademark Office ("USPTO") Appl. Serial No. 98489615 for the mark RIDGE BLADE X/MT (the "Ridge Blade X/MT Application").

62.     The Ridge Blade X/MT Application disclaims "X/MT" from the RIDGE BLADE X/MT mark.

63.     The Ridge Blade X/MT Application includes a first use date of September 7, 2021 and a first use in commerce date of March 1, 2024.

64.     The first use date in the Ridge Blade X/MT Application is more than 8 years after Atturo began using its Trail Blade® mark and more than 6 years after Atturo began using its TRAIL BLADE X/T® mark.

65.     The first use in commerce date in the Ridge Blade X/MT Application is more than 11 years after Atturo began using its Trail Blade® mark and more than 9 years after Atturo began using its TRAIL BLADE X/T® mark.

66.     Then, on September 18, 2024, Tesche Qingdao filed a second application with the USPTO, Appl. Serial No. 79411767 for the mark RIDGE BLADE (the "Ridge Blade Application").

67.     Atturo has not consented to or authorized Defendants' use or registration of the RIDGE BLADE X/MT or RIDGE BLADE marks in connection with the goods and services identified in Appl. Serial No. 98489615 or Appl. Serial No. 79411767 (collectively, "Tesche's Applications").

68.     On February 4, 2025, Atturo commenced USPTO Opposition Proceeding No. 91296704 against Tesche Qingdao and its Ridge Blade X/MT Application.

69.     That opposition proceeding is ongoing and in the early stages of discovery.

70.     On May 21, 2025, the USPTO issued a "Notice of Provisional Full Refusal" regarding the Ridge Blade Application, to which Tesche Qingdao filed a response on August 13, 2025. Publication of the mark for opposition is expected to occur on September 16, 2025.

71.     Registration of the RIDGE BLADE X/MT and/or RIDGE BLADE marks in connection with the goods and services identified in Tesche's Applications would be damaging to Atturo.

72.     The marks identified in Tesche's Applications are highly and confusingly similar to Atturo's Blade Marks, including Trail Blade® identified in U.S. Reg. No. 4,381,171 and TRAIL BLADE X/T® identified in U.S. Reg. No. 5,825,158.

73.     Atturo's Blade Marks and the marks identified in Tesche's Applications have an identical dominant term – "BLADE."

74.     Atturo's Blade Marks and the marks identified in Tesche's Applications each begin with a one-syllable, five-letter word meaning pathway.

75.     Defendants' webpages show how Defendants' use of the word "Ridge" in its marks is synonymous with the term "trail," used by Atturo. *See* https://www.teschetire.com/308.html (Ridge Blade X/RT, "to keep the trail moving"); https://www.teschetire.com/309.html (Ridge Blade X/T, "on muddy trails"); https://www.teschetire.com/307.html (Ridge Blade X/MT, "following logging trails").

76.     On information and belief, Defendants' Blade Tires are intended to be offered to the same, substantially similar, and/or overlapping classes of tire industry consumers as those to

14

whom Atturo's offers tires under Atturo's Blade Marks, and through the same, substantially similar, and/or overlapping channels of trade, including, for example, exhibiting at the annual SEMA trade show.

77. Consumer confusion is even more likely given that Defendants have been copying Atturo's advertising, marketing, and promotional efforts, by touting that the tire treads for Defendants' Blade Tires are modeled after blade designs, as shown in the below examples from Defendants' webpages https://www.teschetire.com/307.html, https://www.teschetire.com/308.html, and https://www.teschetire.com/309.html:



**". . . 'Viking Battle Axe'-inspired chunky tread pattern . . . "**



" . . . tread pattern inspired by the Viking Battle Axe . . . "



" . . . BLADED STONE EJECTORS . . . "

***The 2024 SEMA Show***

78.     In November 2024, at the 2024 SEMA Show, Defendants displayed promoted, and offered their tire products, including the Ridge Blade X/MT, Ridge Blade X/RT, and Ridge Blade X/T tires.

79.     An image of Defendants' booth from the 2024 SEMA Show is shown below from Defendants' social media account:



80.     According to SEMA's website, the SEMA Show is "the premier" automotive specialty equipment trade event in the world and takes place annually at the Las Vegas Convention Center. *See* https://www.sema.org/.

17

81.     The 2024 SEMA Show drew more than 70,000 buyers from November 5, 2024 to November 8, 2024. *See* https://sites.sema.org/ext-assets/media/2024_SEMA_Show_Fact_Sheet.pdf

82.     Defendants' social media accounts encouraged SEMA attendees to visit Defendants' booth and do "business" with Defendants, as shown in the below example:



*Defendants' Product Offerings*

83.     Following Defendants' promotional efforts at the 2024 SEMA Show, Defendants have been promoting and selling their tire products throughout the United States, including in Illinois.

84. For example, Defendants' Blade Tires are currently offered and sold by Priority Tire. *See* https://www.prioritytire.com/by-brand/tesche-tires-tires.

85. Priority Tire is a leading tire retailer, with seven warehouses through the United States, including one in Naperville, Illinois. *See* https://www.prioritytire.com/about-us.

86. Priority Tire stores, sells, and ships tires from its Naperville, Illinois location.

87. Priority Tire stores Defendants' tire products at its Naperville, Illinois location.

88. Priority Tire sells Defendants' tire products to purchasers from its Naperville, Illinois location.

89. Priority Tire ships Defendants' tire products to purchasers from its Naperville, Illinois location.

90. Priority Tire ships Defendants' tire products to purchasers via UPS in Westmont, Illinois.

91. According to Priority Tire's website (https://www.prioritytire.com/about-us), the Naperville, Illinois location is where the "company found its fifth warehouse," which has allowed the company to expand its "tire storage capacity" and "inventory, while offering careful handling, and effective shipping times."

92. As another example, Defendants' Blade Tires are offered and sold by ABN Tire Shop in Oswego, Illinois.

93. Below are excerpts from three June 2025 Facebook posts where the Oswego, Illinois tire store offered Defendants' Ridge Blade X/RT tires for sale in Illinois. *See* https://www.facebook.com/groups/757267617648338/posts/29833639036251143/; https://www.facebook.com/groups/bidonthisnearplano/posts/30147697424844256/; https://www.facebook.com/groups/988529127930327/posts/10090433771073105/.

19






94. Below is an excerpt from a July 2025 Facebook post where the Oswego, Illinois tire store offered Defendants' Ridge Blade X/MT tires for sale in Illinois. *See* https://www.facebook.com/groups/817485228340717/posts/23926334583695788/.



95. In addition, Defendants' Blade Tires are currently offered on at least the following websites, accessible in Illinois and across the nation:

    a. MGI Tires, https://www.mgitires.com/collections/tesche-tire

    b. Sears, https://www.sears.com/search=tesche

    c. Simple Tire, https://simpletire.com/brands/tesche-tires

    d. Speedy Tire, https://www.speedytire.com/tires/tesche/ridge-blade-x-mt

    e. Tires Easy, https://www.tires-easy.com/tires/?filtering=tesche,relevance

21

    f.        Tire Mart, https://www.tiremart.com/tesche-tires/

    g.       Walmart, https://www.walmart.com/search?q=tesche

96.    Defendants also have repeatedly advertised Defendants' Blade Tires in *Tire Business* magazine with full-page advertisements.

97.    For example, below is a business solicitation email Defendants' Sales Manager Winston Wang sent to Atturo in Illinois promoting Defendants' Blade Tires and that they were featured in *Tire Business* magazine:

**From:** Winston <winston@teschetire.com>
**Sent:** Friday, March 7, 2025 3:53 AM
**To:** Info <Info@atturo.com>
**Subject:** Tesche Featured in TIRE BUSINESS Magazine – Check Us Out on Page 23

Dear there,

Hope this email finds you well. This is **Winston** from TESCHE TIRE.

We're excited to share that Tesche has been highlighted in the latest issue of TIRE BUSINESS (February 24, 2024 edition), showcasing our innovations in high-performance tire technology.

This recognition reinforces our commitment to delivering cutting-edge solutions for your target market. We'd love to discuss how Tesche can support your needs – let's schedule a call or share your feedback!

Thank you for being part of our journey.



We believe **TESCHE TIRE** will bring you extra value in your market.

Thanks and Warm regards,

Winston Wang
Sale Manager
--------------------------------------------------------



TESCHE TIRE (QINGDAO) CORP., LTD.
Mobile/Whatsapp: 0086 153 3639 5858
Room 2501, JinDing Mansion, No.83,Haier Road,Qingdao, China
www.teschetire.com

98.     Defendants' promotion and sale of Defendants' Blade Tires has caused and is likely

to cause significant confusion, mistake, and/or deception in the tire market among tire consumers,

potential consumers, and members of the industry.

99.    For example, on March 6, 2025, Tono Wheels erroneously posted on Instagram that Defendants' Ridge Blade tires are manufactured by Atturo. *See* https://www.instagram.com/p/DG4P2j_MxlS/?igsh=Nm13ZmxxYThlcDV0 (shown below):



***Bad Faith Adoption & Willful Infringement by Defendants***

100.    On information and belief, Defendants had actual and/or constructive knowledge of Atturo's Blade Marks at the times Defendants developed and adopted the names for Defendants' Blade Tires.

101.    For example, information about Atturo's Blade Marks has been available in the USPTO trademark database since 2012.

102.    Atturo also has been promoting Atturo's business and tires, including Atturo's Blade Marks, at the annual SEMA Shows for more than a decade, since 2013.

103.    Atturo first learned of Defendants in 2024.

104.    Shortly thereafter, on October 1, 2024, counsel for Atturo sent Defendants a letter to notify Defendants that Atturo believes Defendants are infringing Atturo's Blade Marks and to demand Defendants stop all uses of the term "Blade" to promote and sell Defendants' tire products.

105.    Defendants did not respond to Atturo's October 1 letter.

106.    On October 8, 2024, counsel for Atturo also sent a letter to SEMA regarding Defendants' unauthorized use of Atturo's intellectual property and requesting that SEMA prohibit Defendants from displaying and promoting Defendants' Blade Tires at the 2024 SEMA Show.

107.    On information and belief, SEMA notified Defendants of Atturo's October 8 letter.

108.    Over Atturo's objection, and in willful and conscious disregard of Atturo's rights, Defendants still displayed and promoted Defendants' Blade Tires at the 2024 SEMA Show.

109.    Over Atturo's objections, and in willful and conscious disregard of Atturo's rights, Defendants have been promoting and selling their tire products throughout the United States, including in Illinois.

### Injury To Atturo

110.    Defendants' adoption and use of the term "Blade" in the names of Defendants' Blade Tires has damaged and irreparably injured Atturo.

111.    Defendants have caused Atturo to lose the ability to control the business reputation that Atturo has built since its founding in 2009 as an independent, privately held tire brand that sells high quality tires.

112.    Defendants also have caused Atturo to lose the ability to control the business reputation that Atturo has built as an innovative tire brand with several knife blade-inspired tire products that have been co-marketed with a knife company.

25

113.    Defendants also have caused Atturo to lose the ability to control the product reputation of the tires in its "Blade" family of tire products that Atturo has built since 2012, when Atturo first introduced its Trail Blade M/T tire to the market as an innovative and unique tire product inspired by and co-marketed with a knife company.

114.    Defendants' unauthorized use of the identical term "Blade" in the names of Defendants' Blade Tires implies to tire consumers that Defendants are associated with Atturo.

115.    If Defendants are permitted to continue promoting and selling Defendants' Blade Tires, Defendants will continue to damage and irreparably injure Atturo.

116.    Defendants' continued promotion and sale of Defendants' Blade Tires will likely cause Atturo to lose business opportunities, customers, and goodwill.

117.    In addition, if the marks identified in Tesche's Trademark Applications are registered at the USPTO and used by Defendants, they will likely weaken the strength of Atturo's Blade Marks and cause Atturo's Blade Marks to have less recognition in the marketplace.

118.    Further, on information and belief, Defendants are misrepresenting the nature and quality of Defendants' Blade Tires.

119.    For example, the sidewalls of Defendants' Blade Tires state that they are "ENGINEERED IN U.S.A."

120.    On information and belief, Defendants' Blade Tires are not engineered in the United States.

*Injury To The Public*

121.    Defendants' promotion and sale of Defendants' Blade Tires have damaged and irreparably injured the public, which has an interest in being protected from mistake, deception, and confusion.

122.    If Defendants are permitted to continue promoting and selling Defendants' Blade Tires and register the marks identified in Tesche's Applications, Defendants will continue to damage and irreparably injure the public.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

123.    Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

124.    Atturo's Blade Marks are owned by Atturo.

125.    Atturo's Blade Marks include several marks registered with the USPTO for use with tires.

126.    Atturo has continuously used Atturo's Blade Marks, including its registered marks, in commerce since at least 2012, years prior to when Defendants developed, named, and began offering Defendants' Blade Tires.

127.    Defendants have never been authorized by Atturo to use Atturo's Blade Marks, including its registered marks.

128.    Defendants have never been authorized by Atturo to use any confusingly similar variation of Atturo's Blade Marks, including its registered marks.

129.    Defendants have never been authorized by Atturo to use "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," or "Ridge Blade X/T PRO" for tires.

27

130.    Defendants are using "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," and "Ridge Blade X/T PRO" in commerce for tires.

131.    As used by Defendants, "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," and "Ridge Blade X/T PRO" are confusingly similar to Atturo's Blade Marks, including its registered marks.

132.    Defendants' uses of "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," and "Ridge Blade X/T PRO" are likely to cause confusion, as to the origin, sponsorship, affiliation, and/or association of Atturo's business and tire products among tire consumers, potential consumers, and members of the industry.

133.    Defendants' uses of "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," and "Ridge Blade X/T PRO" are likely to cause tire consumers, potential consumers, and members of the industry doing business with Atturo to assume and/or mistakenly believe Atturo's and Defendants' businesses are affiliated, connected, or associated.

134.    Defendants' uses of "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," and "Ridge Blade X/T PRO" are likely to divert business away from Atturo to Defendants.

135.    For example, consumers doing business with Defendants may mistakenly believe they are dealing with Atturo.

136.    Atturo has no control over the nature and quality of Defendants' Blade Tires.

137.    On information and belief, Defendants have and/or will financially benefit from the uses of "Ridge Blade," "Ridge Blade X/MT," "Ridge Blade X/RT," "Ridge Blade X/T," and "Ridge Blade X/T PRO," including from sales of Defendants' Blade Tires.

138.    On information and belief, Defendants' actions alleged herein were undertaken intentionally and with conscious disregard of Atturo's rights.

139.    Defendants' acts constitute willful infringement of Atturo's registered Blade Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

140.    As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has suffered and will continue to suffer damages in an amount to be determined at trial.

141.    Under the Lanham Act, Atturo is entitled to both an award of damages to its own business attributable to Defendants' infringing conduct and to an award of Defendants' profits derived from their infringement.

142.    Atturo is also entitled to treble damages and attorneys' fees and costs under the Lanham Act due to the exceptional nature of Defendants' violations of law.

143.    As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including, without limitation, damage to its business reputation and loss of consumer goodwill. Atturo is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement, Unfair Competition, and False Designation of Origin

### Under 15 U.S.C. § 1125(a))

144.    Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

145.    Atturo's Blade Marks are distinctive.

146.    Defendants' acts constitute trademark infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29

147. As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has suffered and will continue to suffer damages in an amount to be determined at trial.

148. Under the Lanham Act, Atturo is entitled to both an award of damages to its own business attributable to Defendants' infringing conduct and to an award of Defendants' profits derived from their infringement.

149. Atturo is also entitled to treble damages and attorneys' fees and costs under the Lanham Act due to the exceptional nature of Defendants' violations of law.

150. As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including, without limitation, damage to its business reputation and loss of consumer goodwill. Atturo is entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF

**(Illinois Common Law Trademark Infringement)**

151. Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

152. Defendants' acts constitute trademark infringement under the common law of the State of Illinois.

153. As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has suffered and will continue to suffer damages in an amount to be determined at trial.

154. As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including, without limitation, damage to its business reputation and loss of consumer goodwill. Atturo is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Illinois Common Law Unfair Competition)

155.    Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

156.    Defendants' acts constitute unfair competition under the common law of the State of Illinois.

157.    As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has suffered and will continue to suffer damages in an amount to be determined at trial.

158.    As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including, without limitation, damage to its business reputation and loss of consumer goodwill. Atturo is entitled to injunctive relief.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Trade Practices in Violation of 815 ILCS § 510 *et seq.*)

159.    Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

160.    Defendants' acts constitute deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510 *et seq*.

161.    Defendants have willfully engaged in deceptive trade practices.

162.    For example, in the course of their business, Defendants have knowingly:

a.    Passed off their tire products as those of another;

b.    Caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their tire products;

c.      Caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Atturo;

d.      Used deceptive representations in connection with their tire products; and

e.      Engaged in other conduct which similarly creates a likelihood of confusion or misunderstanding.

163.    As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has suffered and will continue to suffer damages in an amount to be determined at trial.

164.    As a direct, proximate, and foreseeable result of Defendants' conduct, Atturo has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law, including, without limitation, damage to its business reputation and loss of consumer goodwill.

165.    Atturo is entitled to attorneys' fees and costs under 815 ILCS 510/3.

166.    Atturo is entitled to injunctive relief under 815 ILCS 510/3.

## SIXTH CLAIM FOR RELIEF

### (Illinois Common Law Unjust Enrichment)

167.    Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

168.    The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Atturo, in violation of the common law of the State of Illinois.

169.    Defendants are unlawfully benefiting from Atturo's Blade Marks to Atturo's detriment.

170.    It would be unjust  for Defendants to retain the benefits of their wrongful conduct against Atturo.

## SEVENTH CLAIM FOR RELIEF

### (Declaration Denying Or Directing Abandonment of Trademark Applications)

171.    Atturo repeats the allegations in each of the foregoing paragraphs as if fully set forth herein.

172.    There is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to Tesche's Applications and Atturo's Blade Marks.

173.    The registrability of Tesche Qingdao's Appl. Serial No. 98489615 and Appl. Serial No. 79411767 is directly related to the subject matter of this action.

174.    Under 15 U.S.C. § 1119, and its other authority, this Court should deny Tesche's Applications.

175.    Alternatively, this Court should direct Defendant Tesche Qingdao to abandon, with prejudice, Tesche's Applications.

176.    Additionally, this Court should enjoin Defendants, their successors, privies and assigns, and any person or entity acting on their behalf or in concert with them, from filing any and all other applications with the USPTO to register as a trademark any designation confusingly similar to Atturo's Blade Marks.

## PRAYER FOR RELIEF

WHEREFORE, Atturo respectfully requests that the Court enter judgment against Defendants for each of Atturo's claims and prays for the following relief:

A.    For injunctive relief preventing Defendants, along with their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants or any of the foregoing, from:

      i.      Using Atturo's Blade Marks, or any designation confusingly similar to Atturo's Blade Marks (*e.g.,* Ridge Blade, Ridge Blade X/MT, Ridge Blade X/RT, Ridge Blade X/T, Ridge Blade X/T PRO), in connection with tires in United States commerce, including, without limitation, advertising, marketing, promoting, offering for sale, and selling Defendants' tire products;

      ii.      Committing any other acts calculated or likely to cause confusion, mistake, or deception as to the origin, sponsorship, affiliation, and/or association of Atturo, Atturo's Blade Marks, or Atturo's tire products;

      iii.      Committing any other acts calculated or likely to cause tire consumers, potential consumers, and members of the industry to believe Defendants' and Atturo's products and businesses are affiliated, connected, or associated; and

      iv.      Committing any other acts calculated or likely to injure Atturo's goodwill or business reputation.

B.      For an order requiring Defendants, along with their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants or any of the foregoing, to destroy, at their own expense, all products and materials in their possession bearing infringing designations;

C.      For an order compelling Defendants to mail, at their own expense, pre-approved notice letters to all of its distributors, dealers, wholesalers, sales representatives, accounts, and suppliers informing them that Defendants have committed trademark infringement against Atturo and that Defendants have no affiliation, connection, or association with Atturo and requesting that they return to Defendants for full credit or refund all Ridge Blade X/MT, Ridge Blade X/RT, Ridge Blade X/T, and Ridge Blade X/T PRO tires;

34

D.      For an order compelling Defendants to disseminate, at their own expense, pre-approved corrective advertising;

E.      For an order requiring Defendants to withdraw, with prejudice, Appl. Serial No. 98489615 and Appl. Serial No. 79411767, as well as any and all other applications to register as a trademark any designation confusingly similar to Atturo's Blade Marks.

F.      For an award of damages caused by Defendants' unlawful conduct in an amount to be determined at trial;

G.      For an award of Defendants' profits stemming from Defendants' unlawful conduct in an amount to be determined at trial;

H.      For treble damages;

I.      For attorneys' fees and costs;

J.      For prejudgment interest; and

K.      For any such other and further relief as the Court deems just and proper.

/s/ Brian C. Bianco
Brian C. Bianco
Julia R. Lissner
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone:     (312) 634-5700
Facsimile:     (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com

*Attorneys for Plaintiff*
*Atturo Tire Corp.*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff Atturo Tire Corp. hereby demands a trial by jury on all issues which may be tried

to a jury.

/s/ Brian C. Bianco
Brian C. Bianco
Julia R. Lissner
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone:    (312) 634-5700
Facsimile:    (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com

*Attorneys for Plaintiff*
*Atturo Tire Corp.*